CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 23, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI, ) | |
|     Plaintiff, ) | Civil Action No. 7:23-cv-00674 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MELVIN C. DAVIS, *et al.*, ) | Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Terry K. Ofori, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. On May 1, 2025, the Clerk entered default against defendants C.W. Franks, H.A. Osborne, and Ms. B.J. Ravizee. (Dkt. No. 48.) Before the court is a motion by these defendants to set aside the default. The motion is unopposed, and plaintiff has not moved for default judgment against these three defendants. (*See* Dkt. No. 47 (directing Ofori to move for default judgment within 30 days).)

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause, . . . ." Fed. R. Civ. P. 55(c). A court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Caldaza v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The criteria must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*,

616 F.3d 413, 417 (4th Cir. 2010).

A notice of declination of service filed by the Office of the Attorney General states that Franks and Ravizee are retired and Osborne is no longer employed at Wallens Ridge State Prison.  (Dkt. No. 32.)  Osborne executed a waiver of service on October 22, 2024.  (Dkt. No. 36.)  Franks was served on November 13, 2024, and Ravizee was served on December 13, 2024.  (Dkt. No. 43.)  Defendants' motion indicates that these defendants requested representation from the OAG on May 8, 2025.  The OAG entered an appearance on the same day.  (Dkt. No. 49.)  The motion to set aside was filed on June 16, 2025.  (Dkt. No. 52.)

The court observes that the request for representation by Franks, Osborne, and Ravizee was made long after their answers were due to be filed following service.  Even so, the court finds that there is no prejudice to the plaintiff, who seems not to oppose the default being vacated.  Moreover, Franks, Osborne, and Ravizee have moved for summary judgment with the other defendants, and the motion argues, in part, that plaintiff's claims are barred by the statute of limitations, suggesting that defendants have a meritorious defense in this lawsuit.  (Dkt. Nos. 61, 62.)

For these reasons, it is HEREBY ORDERED that defendants' motion to set aside default (Dkt. No. 52) is GRANTED.  The entry of default (Dkt. No. 48) is VACATED, and defendants' answer (Dkt. No. 51) is deemed to be timely filed.

The Clerk shall transmit a copy of this order to plaintiff and to all counsel of record.

Entered: January 23, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge