CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 28, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY K. OFORI, Plaintiff, | ) | Civil Action No. 7:23-cv-00674 |
| v. | ) | |
| MELVIN C. DAVIS, *et al.*, Defendants. | ) | By: Elizabeth K. Dillon<br>Chief United States District Judge |

**MEMORANDUM OPINION**

Terry K. Ofori, a Virginia inmate proceeding pro se, commenced this civil rights action pursuant to 42 U.S.C. § 1983. The action was originally docketed on May 4, 2023, as case number 7:23-cv-249 (the 249 Case). On October 17, 2023, the case was severed into several cases, including this one. (Mem. Op. & Order Severing ¶ 16, Dkt. No. 1-4.) Thereafter, Ofori filed an amended complaint on September 26, 2024. (Am. Compl., Dkt. No. 25.) The defendants now move for summary judgment arguing, among other things, that Ofori's claims are time-barred. (Mot. Summ. J., Dkt. No. 61.) Ofori filed a response (Opp'n. Mot. Summ. J., Dkt. No. 76), and defendants filed a reply (Reply, Dkt. No. 77). The matter is now ripe for review.

For the reasons stated herein, defendants' motion for summary judgment will be granted and this matter will be dismissed in its entirety.

I. BACKGROUND

As the court shall explain *infra*, resolving the defendants' motion for summary judgment requires determining precisely when defendants had notice of the claims now at issue. Accordingly, the court begins with a discussion of the pertinent background.

**A. Procedural History of the 249 Case**

On May 2, 2023, the prison mailroom received and postmarked legal mail from Ofori (Original 249 Complaint). (Original 249 Compl., Case No. 7:23-cv-249, Dkt. No. 1.) The Original 249 Complaint was docketed on May 4, 2023, and named "Carl A. Manis, et al." as defendants, but it did not identify any defendants other than Manis. (*Id.*) No factual assertions or requests for relief were included in the Original 249 Complaint. (*Id.*) Instead, the Original 249 Complaint repeatedly stated "see attached," yet no attachments were included. (*Id.*)

On August 2, 2023, the prison mailroom received and postmarked additional legal mail from Ofori (Amended 249 Complaint). (Am. 249 Compl., Case No. 7:23-cv-249, Dkt. No. 11.) The Amended 249 Complaint, which was docketed on August 4, 2023, named 61 additional defendants and alleged 33 claims. (*Id.*) Because the claims arose out of different occurrences and did not involve all defendants, the court severed the Amended 249 Complaint into 27 new cases, including this one and case number 7:23-cv-675 (the 675 Case), on October 17, 2023. (Mem. Op. & Order Severing, Dkt. No. 1-4.)

**B. The 675 Case**

The 675 Case was opened based on allegations raised in paragraphs 102 through 105 of the Amended 249 Complaint. (*Id.* ¶ 17.) Those "claims involve allegations about a disciplinary charge against Ofori for tampering with a security device" on December 12, 2021. (*Id.*; Amended 249 Compl. ¶¶ 102–05.) Defendants to those claims were Manis, Melvin C. Davis, B.J. Ravizee, C.W. Franks, and Broyles. (Mem. Op. & Order Severing ¶ 17.)

The 675 Case was opened conditionally pending Ofori's consent to fee. (Case No. 7:23-cv-675, Dkt. No. 3.) Ofori did not file a consent to fee and instead moved to voluntarily dismiss the 675 Case on April 2, 2024. (Mot. to Voluntary Dismiss, Case No. 7:23-cv-675, Dkt. No. 7.)

On April 9, 2024, the court dismissed the 675 Case without prejudice before any defendant was served. (Case No. 7:23-cv-675, Dkt. No. 8.)

**C. Allegations in This Case**

This case was opened based on the claims raised by Ofori in paragraphs 84 through 101 of the Amended 249 Complaint. (Mem. Op. & Order Severing ¶ 16.) Those claims involve allegations that Ofori was retaliated against and received "other threats in response to a lawsuit or lawsuits he had filed." (*Id.*) "Defendants to these claims are Melvin C. Davis, King, J.W. Carico, R.J. Cochrane, Collins, Cook, C.W. Franks, W.R. Hensley, Miller, H.A. Osborne, Timothy E. Davis, J. Gilbert, Winston, Berg, and a John or Jane Doe defendant who was or is a staff member at [Wallens Ridge State Prison] who took part in officials showing Ofori's confidential records to other inmates on March 15, 2021." (*Id.*)

Thereafter, the prison mailroom received and postmarked Ofori's motion for leave to file an amended complaint along with his proposed amended complaint in this case on May 30, 2024. (Dkt. No. 19.) On September 26, 2024, the court granted Ofori's motion and the amended complaint was docketed (Operative Complaint). (Dkt. No. 24; Am. Compl., Dkt. No. 25.)

In addition to Melvin C. Davis, King, J.W. Carico, J.R. Cochrane, Collins, Cook, C.W. Franks, W.R. Hensley, Miller, H.A. Osborne, Timothy E. Davis, J. Gilbert, Winston, and Berg, all of whom were named in the Amended 249 Complaint, the Operative Complaint names B.J. Ravizee, Broyles, Rivero, and four unidentified John or Jane Does as defendants. (*See* Am. Compl.) The Operative Complaint references events occurring between March 2021 and January 2022,[1] and adds allegations regarding a disciplinary charge against Ofori reported in December 2021. (*See generally id.*)

[1] Ofori alleges that an "appeal to the warden was unsuccessful on 1/6/11/2022." (Am. Compl. ¶ 20(b).) In their motion for summary judgment, defendants mention that "[o]n January 13, 2022, Warden Davis upheld the

**D. Defendants' Motion for Summary Judgment**

Defendants move for summary judgment arguing, among other things, that Ofori's claims are time-barred. Ofori filed a response (*see* Opp. Mot. Summ. J.), and defendants filed a reply (*see* Reply). The matter is now ripe for review.

## II. LEGAL STANDARD

Summary judgment is appropriate where "taking the facts in the best light for the nonmoving party, no material facts are disputed and the moving party is entitled to judgment as a matter of law." *Hall v. Sheppard Pratt Health Sys., Inc.*, 155 F.4th 747, 751 (4th Cir. 2025) (quoting *Brooks v. Johnson*, 924 F.3d 104, 111 (4th Cir. 2019)); *see also* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden is met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as the material facts." *Id.* at 586 (citation omitted). That is, "[t]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 783 (4th Cir. 2021) (per curiam) (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)). When ruling on a motion for summary judgment, the court should consider the parties' pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *Celotex*

---

hearing officer's decision." (Mem. Supp. Mot. Summ. J. 8, Dkt. No. 62.) Accordingly, it appears that the unsuccessful appeal to which Ofori refers is the January 13, 2022 decision of Warden Davis. The court, therefore, construes "1/6/11/2022" as referencing events occurring in January 2022.

*Corp.*, 477 U.S. at 322. Because Ofori is pro se, the court must construe his pleadings liberally. *See Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025) (citation omitted).

III. ANALYSIS

**A. The Statute of Limitations**

Section 1983 does not contain an express statute of limitations. *Cooper v. City of Wheeling*, 169 F.4th 220, 223 (4th Cir. 2026). Instead, the statute of limitations for § 1983 claims is "governed by the forum state's personal injury statute of limitations." *Id.* at 224 (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Virginia, that statute is two years. Va. Code § 8.01-243(A); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991).

Construing the Amended 249 Complaint and the Operative Complaint in this case liberally, the court sorts Ofori's claims into two groups. First are those claims raised in paragraphs 84 through 101 of the Amended 249 Complaint prior to severance. (Mem. Op. & Order Severing ¶ 16.) Those claims concerned allegations of retaliation that occurred between March and June 2021. (Am. 249 Compl. ¶¶ 84–101; Am. Compl. ¶¶ 6–16.) Second is the additional claim raised in the Operative Complaint. (*See generally* Am. Compl.) That claim arose from a disciplinary charge reported in December 2021. (*Id.* ¶¶ 18–20.) The most recent date mentioned in the Operative Complaint is January 2022 when Warden Davis upheld the hearing officer's decision with respect to the December 2021 disciplinary charge against Ofori. (*Id.* ¶ 20(b)).

Accordingly, the statute of limitations on Ofori's claims may have run as early as March 2023, or as late as January 2024. The Operative Complaint was filed more than two years later on September 26, 2024, when the court granted leave to amend.[2] *See Bottom v. Bailey*, No.

[2] Even if the court considered the Operative Complaint to be filed on May 30, 2024, when Ofori delivered it to the prison mailroom, it would still have been filed after the statute of limitations on his claims had run.

12cv97, 2013 WL 431824, at *2 (W.D.N.C. Feb. 4, 2013) (citing *Savilla v. Speedway SuperAmerica, LLC*, 91 F. App'x 829, 831 (4th Cir. 2004) ("The Fourth Circuit has held that a proposed amended complaint which is filed with the motion to amend is deemed to be filed as of the date the court grants the motion to amend.") (citing *Savilla v. Speedway SuperAmerica, LLC*, 91 F. App'x 829, 831 (4th Cir. 2004)). The question, then, is whether the allegations in the Operative Complaint relate back to any of Ofori's earlier pleadings. *See* Fed. R. Civ. P. 15(c) (explaining when an amended pleading relates back to the date of the original pleading).

**B. The Relation Back Doctrine Does Not Apply**

Rule 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Relevant here, that rule provides that an amended "pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "A claim arises out of the same conduct, transaction, or occurrence if: (1) there is 'a factual nexus between the amendment and the original complaint,' and (2) the 'defendants had notice of the claim and will not be prejudiced by the amendment.'" *Cannon v. Peck*, 36 F.4th 547, 576 (4th Cir. 2022) (quoting *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983)).

The "fundamental question" in deciding whether a claim relates back under Rule 15(c)(1)(B) is "whether the original complaint served the notice-giving purpose of the limitations period by giving fair notice—within the applicable limitations period—of the basis for liability that was added in the amended complaint." *Cross River Bank v. 3 Bea's Assisted Living LLC*,

Case No. TJS-21-3210, 2026 WL 1077457, at *3 (D. Md. Apr. 21, 2026). When a party "has been notified of litigation concerning a particular occurrence," they have "been given all the notice that statutes of limitations were intended to provide." *Id.*

**1. The Operative Complaint does not relate back to the Original 249 Complaint.**

As an initial matter, the court finds that the Operative Complaint cannot relate back to the Original 249 Complaint. Indeed, that pleading contained no substantive allegations and named only one defendant who is not a party to this case. Accordingly, the Original 249 Complaint did not provide notice to any of the defendants in this action of the claims Ofori ultimately raised against them.

**2. The Operative Complaint does not relate back to the Amended 249 Complaint.**

The next question is whether the Amended 249 Complaint can save any of Ofori's claims from the statute of limitations. It cannot.

An incarcerated individual's pleading is deemed filed when it is delivered to "prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Ofori's Amended 249 Complaint was filed on August 2, 2023. As explained *supra*, § 1983 claims are subject to a two-year statute of limitations. Ofori's allegations of retaliation reference conduct that occurred between March and June 2021. (Am. 249 Compl. ¶¶ 84–101; Am. Compl. ¶¶ 6–16.) Consequently, at the time the Amended 249 Complaint was filed, Ofori's retaliation claims were already time-barred.

Ofori's claims arising from the December 2021 disciplinary charge are also time-barred. (*See* Am. Compl. ¶¶ 18–20.) Those allegations directly correspond to the allegations in the Amended 249 Complaint that were severed into the 675 Case. As discussed *supra*, Ofori voluntarily dismissed the 675 Case before filing a consent to fee or accomplishing service. Even

if Ofori's attempt to circumvent the court's order to file a consent to fee in the 675 Case by abandoning that case and adding the claim to the Operative Complaint in this case was proper, the claim would still fail. Indeed, because the 675 Case was dismissed before defendants to that case were served, they had no notice of the claims related to the December 2021 disciplinary charge. Thus, Ofori's claims do not relate back to any of his prior pleadings.[3]

## III. CONCLUSION

For the foregoing reasons, Ofori's claims are time-barred and defendants are entitled to summary judgment. The court will issue an appropriate order granting defendants' motion for summary judgment and dismissing this case in its entirety.

Entered: September 28, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

[3] Because the court agrees with defendants that Ofori's claims are time-barred, the court does not address the alternative arguments raised by defendants.